## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LAURIE BORDOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-508-JHP** |
| | ) | |
| **CITY OF SALLISAW and** | ) | |
| **MAZZIO'S INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendant City of Sallisaw's (the "City") Motion to Dismiss [Doc. No. 14] and Defendant Mazzio's, Inc. ("Mazzio's LLC") Motion to Dismiss [Doc. No. 16]. After review of the briefs, and for the reasons stated below, the City's Motion to Dismiss and Mazzio's LLC's Motion to Dismiss are **GRANTED.**

## BACKGROUND

On December 17, 2012, Plaintiff commenced the instant action through the filing the Complaint [Doc. No. 1][1], alleging various civil rights violations by the defendants. On February 6, 2013, this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Plaintiff's Motion for Issuance of Summons. [Doc. No. 6, 7]. On March 13, 2013, the City filed a Motion to Dismiss [Doc. No. 14], and on March 21, 2013, Defendant Mazzio's, LLC filed a Motion to Dismiss [Doc. No. 16]. In addition, on March 21, 2013, Plaintiff filed a Motion to Appeal [Doc. No. 18], which was stricken by this Court on March 27, 2013. Then, on April 3, 2013, after Plaintiff failed to respond to the pending motions to dismiss, the Court entered an

---

[1] Plaintiff's claim was originally filed in the United States District Court for the Western District of Oklahoma, and was transferred to this Court on December 19, 2012. [Doc. No. 5].

order directed Plaintiff to file responses to the pending motions by April 22, 2013. [Doc. No. 22]. The Plaintiff failed to file a response within the additional time provided.

The Complaint, which is a largely unintelligible rambling narrative, states that Plaintiff was arrested for trespassing by City of Sallisaw police officers after leaving the Mazzio's restaurant in Sallisaw, Oklahoma, and walking onto property owned by a nearby motel at which she resided. Plaintiff further alleges that a state court judge erroneously found her guilty of trespassing and ordered her to pay a fine, after which, she spend one night in jail. Following her release from jail, Plaintiff claims she was dropped off several miles outside of Sallisaw by Sallisaw police officers.

## DISCUSSION

"[F]ederal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law-federal question jurisdiction-and controversies arising between citizens of different states-diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

Further, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008). Of course, well-pleaded facts are distinguished from conclusory allegations, and "unsupported conclusions of the pleader may be disregarded,

especially when limited or negated by the substance of facts pleaded." *Cohlmia v. Ardent Health Services, LLC*, 448 F. Supp. 2d 1253, 1262 (N.D. Okla. 2006) (quoting *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1093 (N.D. Okla. 2003) (internal citations and quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.   Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679.   The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

Pro se pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). *Pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and must construe them liberally. *Id.* at 520.   Nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

## 1.  The City's Motion to Dismiss

After careful review of the allegations contained in Plaintiff's Complaint, the Court finds Plaintiff has failed to plead a cognizable cause of action against the City.  First, with regard to Plaintiff's allegations that she was wrongfully convicted and jailed by a state court for a trespassing violation, the Court lacks subject-matter jurisdiction over such matters pursuant to the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine applies to cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the federal court proceedings were commenced. *Exxon Mobil Corp. v Saudi Basic Indus. Corp.,* 544 U. S. 280, 283 (2005) (finding that federal courts lacked subject matter jurisdiction in case where the complaint was an injury by a state court proceeding). As stated in *Kenmen Engineering v City of Union,* 314 F.3d 468, 473 (10th Cir. 2002), the *Rooker-Feldman* doctrine prohibits a federal district court from considering claims actually decided by a state court. "*Rooker-Feldman* precludes a party losing in state court ... from seeking what in substance would be an appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Id.* at 473.

Here, Plaintiff alleges she was wrongfully convicted of trespassing by a municipal judge in Sallisaw, Oklahoma. Under Oklahoma law, municipal courts act by authority of the laws of the state of Oklahoma and any decision of the municipal court is subject to review by the district court of the state of Oklahoma. *See* Okla. Stat. tit. 11, §§ 27-129. Therefore, this Court's power to review the municipal court's judgment is subject to the *Rooker-Feldman* doctrine. To be sure, the municipal court found the Plaintiff guilty and she cannot come to this court for re-consideration of whether she was guilty and had to spend a night in jail. Accordingly, any claims regarding damages suffered as a result of Plaintiff's state court conviction for trespassing are dismissed with prejudice.

With regard to the remainder of Plaintiff's allegations against the City, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. More specifically, Plaintiff alleges that her civil rights were violated by police officers employed by the City—

ostensibly bringing this cause of action pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, in order to establish liability under § 1983, the Plaintiff must prove that: (1) a person; (2) subjected or caused one to be subjected to the deprivation of a federal statutory or constitutional right; (3) by someone acting "under the color of law." 42 U.S.C. § 1983

"[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Brammer-Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir. 2010) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)). "[A municipality] cannot be held liable for the acts of its employees on a theory of *respondeat superior.*" *Id.* at 1188. As a result, the City cannot be made vicariously liable for acts of the individual officers under 42 U.S.C. § 1983. Rather a plaintiff must establish both (1) a municipal policy or custom, and (2) a direct causal link between the policy or custom and the alleged injury. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

A municipal policy or custom may take the form of (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law' "; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and

5

the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Brammer-Hoelter*, 602 F.3d at 1189-90  (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) and *City of Canton v. Harris,* 489 U.S. 378, 388-91 (1989)) (internal quotation marks omitted).

Here, Plaintiff failed to identify any municipal policy or custom with the specificity necessary to survive the City's Motion to Dismiss.  Accordingly, Plaintiff's civil rights claims against the City are dismissed without prejudice.

## 2.  Mazzio's LLC's Motion to Dismiss

The Court also finds that Plaintiff has failed to plead a cause of action against Mazzio's LLC.  A claim brought pursuant to 42 U.S.C. § 1983 must allege constitutional violations perpetrated by state actors:  "When Congress enacted § 1983 . . . it specified that the conduct at issue must have occurred 'under color of' state law; thus, liability attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity.'"  *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape,* 365 U.S. 167, 172 (1961)).  In short, § 1983 does not extend to private conduct, "no matter how unfair that conduct may be."  *Nat'l Collegiate Athletic Ass'n*, 488 U.S. at 191.

Here, Plaintiff does not allege how the actions of Defendant Mazzio's LLC, a private company, constitute state action under § 1983.  Accordingly, Mazzio's LLC's Motion to Dismiss is granted with prejudice.[2]

---

[2] The Court also finds Plaintiff did not intend to name Mazzio's, LLC as defendant.  In a pro se case, "when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."

**CONCLUSION**

For the reasons stated above, the City's Motion to Dismiss and Mazzio's LLC's Motion to Dismiss are **GRANTED.**

**IT IS SO ORDERED** this 15th day of May, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

*Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007).  The allegations in Plaintiff's Complaint are directed at employees of the Mazzio's restaurant in Sallisaw.  Defendant contends it does not own, operate, or employ any individuals at the Mazzio's restaurant in Sallisaw.  Since Plaintiff has not responded to these arguments, the Court finds she has not alleged any wrongdoing on behalf of Mazzio's, LLC.  Thus, even if Plaintiff alleges facts sufficient to establish liability under 42 U.S.C. § 1983, Mazzio's LLC's Motion to Dismiss would still be granted.